**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Hale, | No. CV-25-04548-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

*Pro se* Plaintiff Lisa Hale has filed a Motion for Extension of Time (Doc. 12) and Motion to Appoint Legal Counsel (Doc. 13). In her Motion for Extension of Time, she asks that the Scheduling Conference set for February 23, 2026, be continued "to allow more time to obtain legal counsel." (Doc. 12 at 1). In her Motion to Appoint Legal Counsel, Plaintiff says she is "unable to afford a private attorney due to my continued health issues and unemployment." (Doc. 13 at 1). She also says the case presents complex legal issues that she does not understand. (*Id.*)

There is no constitutional right to appointment of counsel in a civil case. *See Johnson v. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate plaintiff's claims in view of their

complexity. *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palme*r, 560 F.3d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff has not demonstrated a likelihood of success on the merits of her employment discrimination claims. And despite her averment otherwise, she has not shown that she is experiencing difficulty in litigating this case because of the complexity of the issues involved. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). In making her representations, Plaintiff is in no different position than many other *pro se* litigants. Presently, this case does not present exceptional circumstances requiring the appointment of counsel for Plaintiff.[1]

The Court will, however, allow a one-time continuance of the Rule 16 Scheduling Conference to allow Plaintiff more time to obtain counsel.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 13) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 12) is **granted**. The Rule 16 Scheduling Conference set for February 23, 2026, is vacated and reset for March 23, 2026, at 3:30 p.m. The remainder of the Court's Order (Doc. 11) is otherwise **affirmed**.

Dated this 26th day of January, 2026.

Honorable Diane J. Humetewa
United States District Judge

---

[1] If any claim remains to be tried after dispositive motions are decided, a second motion to appoint counsel would be appropriately filed for the Court's consideration. In the meantime, the Court encourages Plaintiff to review the self-representation resources available on this Court's website: https://www.azd.uscourts.gov/proceeding-without-attorney.